UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MAODO NDOYE,

                       Petitioner,                          Case No. 1:26-cv-2010

v.                                          Honorable Robert J. Jonker

KEVIN RAYCRAFT et al.,

                       Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis.* (*See* ECF No. 2.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.      **Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.3.) Respondents filed their response on July 9, 2026. (ECF No. 4.) Petitioner filed a reply on July 27, 2026. (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of Senegal. (Pet., ECF No. 1, PageID.2.) On January 16, 2026, an Immigration Judge with the Detroit Immigration Court ordered Petitioner removed to Uganda. (Removal Order, ECF No. 4-1, PageID.13.) Petitioner's appeal was due on February 17, 2026. (*Id.*, PageID.14.) Petitioner did not file a timely notice of appeal. (Board of Immigration Appeals (BIA) Order, ECF No. 4-2, PageID.17.)

Petitioner filed an untimely appeal to the BIA, which was summarily dismissed on April 20, 2026. (*Id.*)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

Given that Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner, however, contends that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet., ECF No. 1, PageID.2.) In response, Respondents argue that Petitioner is within the 90-day removal period and subject to mandatory detention.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney

General shall detain the alien." *Id.* § 1231(a)(2)(A). "The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)

Here, the Detroit Immigration Court ordered Petitioner removed to Uganda on January 16, 2026. (Removal Order, ECF No. 4-1, PageID.13.) For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Petitioner had 30 days from which to file an appeal of the January 16, 2026, order of removal. 8 CFR § 1003.38; (*see also* Removal Order, ECF No. 4-1, PageID.14). Because Petitioner did not file a timely appeal, the order of removal became final on February 18, 2026.

Petitioner then filed his § 2241 petition on July 6, 2026, (Pet., ECF No. 1), after the 90-day removal period had expired.

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id. Id.*[1] "[O]nce [a noncitizen's]

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has been detained less than six months. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Petitioner does not claim that his detention is not reasonably foreseeable. Indeed, Petitioner makes no argument concerning the likelihood of removal. (*See* Pet., ECF No. 1; Reply, ECF No. 6.) Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   <u>August 3, 2026</u>                          <u>/s/ Robert J. Jonker</u>
                                                        Robert J. Jonker
                                                        United States District Judge